**JIN RONG WU, Petitioner,**

v.

**US DEPARTMENT OF JUSTICE, Attorney General, Immigration & Naturalization Services, Respondents.**

No. 06–0108–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Jin Rong Wu, pro se, New York, NY, for Petitioner.

Jim M. Greenlee, United States Attorney; John E. Gough, Jr., Assistant United States Attorney, Northern District of Mississippi, Oxford, MS, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Rong Wu, *pro se,* a native and citizen of the People's Republic of China, seeks review of a January 10, 2006 order of the BIA affirming the September 16, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jin Rong Wu,* No. A 97 384 721 (B.I.A. Jan. 10, 2006), *aff'g* No. A 97 387 721(Immig. Ct. N.Y. City September 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's and BIA's adverse credibility determinations. The IJ and BIA accurately observed that Wu omitted from his airport interview any reference to his wife having undergone a forced sterilization. Additionally, the BIA reasonably determined that Wu's statement that he "had too many children" failed to sufficiently indicate that his wife's forced sterilization was the basis for his asylum claim. Similarly, the IJ and BIA reasonably identified an inconsistency between Wu's testimony and airport statement, in that, at his airport and credible fear interviews, Wu denied ever having been arrested, but indicated at the hearing and in his credible fear interview that he had been arrested and detained after arguing with the family planning officials. These incidents were material to Wu's claim and, when measured against the entire record, support the BIA's and IJ's

adverse credibility determinations. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Moreover, any argument that the IJ erroneously relied on the airport statement is unavailing. The record reveals that the airport statement clearly comports with the factors used to evaluate reliability set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004). While Wu argued in his brief to the BIA that at the time of the interview he was "nervous," an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005). Both the IJ and BIA acknowledged Wu's explanations for the inconsistencies, including that he did not consider his arrest to be an arrest because he was not handcuffed, and alternatively, that he was in a "hurry" and was afraid to tell the truth about his problems in China. The BIA and IJ discredited Wu's explanations, which they were entitled to do. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Because the only evidence of a threat to the Wu's life or freedom or a risk of torture depended upon his credibility with respect to his family planning claim, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang*, 426 F.3d at 523. Lastly, because Wu failed to challenge the IJ's neglect to

make an independent ruling on his illegal departure claim in his appeal before the BIA and in his petition to the Court, this claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.