Wu v. Holder

BIA
Morace, IJ
A097 384 721

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand thirteen.

PRESENT:
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>              *Circuit Judges.*

_____

JIN RONG WU, AKA JING WONG WU,
>        *Petitioner,*

>        v.                                    **12-1890**
>                                              **NAC**

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Jin Rong Wu, *pro se*, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Leslie McKay,
                         Assistant Director; Kelly J. Walls,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Rong Wu, a native and citizen of the People's Republic of China, seeks review of an April 12, 2012, order of the BIA affirming the October 26, 2009, decision an Immigration Judge ("IJ"), which denied Wu's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin Rong Wu*, No. A097 384 721 (B.I.A. Apr. 12, 2012), *aff'g* No. A097 384 721 (Immig. Ct. New York City Oct. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

Wu challenges the agency's denial of asylum and withholding of removal, arguing his eligibility for that relief based on his wife's involuntary sterilization, his "other resistance" to China's family planning policies, and

2

his fear of sterilization as punishment for his political dissidence. Initially, because we previously concluded that substantial evidence supported the IJ's and the BIA's determinations that Wu's testimony about his wife's sterilization and his personal resistance to China's family planning policies was not credible, *Jin Rong Wu v. U.S. Dep't of Justice*, 203 F. App'x 354, 354-55 (2d Cir. 2006) (summary order), we decline to revisit those issues here. *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008).

Moreover, the agency reasonably concluded that Wu's fear of sterilization as punishment for political dissidence was not objectively reasonable because he pointed to no record evidence demonstrating persecution of similarly situated individuals, and his evidence – consisting of his hearsay testimony and letters from interested witnesses – was reasonably afforded limited evidentiary weight. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

3

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk